JOSÉ M. FERNÁNDEZ, Plaintiff and Appellant, *v.* ROYAL INDEMNITY Co., Defendant and Appellee.

No. AP-62-13.   Decided March 26, 1963.

*E. Martínez Rivera* for appellant. *Rieckehoff & Vargas* and *Elí B. Arroyo* for appellee.

Division composed of Mr. Justice Pérez Pimentel, as Chief Judge of Division, Mr. Justice Rigau, and Mr. Justice Dávila.

MR. JUSTICE PÉREZ PIMENTEL delivered the opinion of the Court.

This is a petition for appeal filed before the Rules of Civil Procedure took effect and taken from a judgment rendered by the Superior Court, San Juan Part, dismissing the claim for damages brought by José M. Fernández against Royal Indemnity Company.

The complaint was based on defendant's breach of the insurance contract in failing to represent and defend plaintiff in an action brought in the District Court against said plaintiff and Royal Indemnity Company, in which judgment by default was entered against Fernández ordering him to pay damages to Carmen Ríos, plaintiff therein.

Fernández operated a garage or service station, and in order to protect himself against claims for damages he purchased a policy from Royal Indemnity Company (No. RMG–52–443, known as Garage Liability Policy) covering

public liability in favor of third persons with a maximum limit of $10,000 for personal damages to each person and $20,000 for each accident. The maximum limit for damage to property was $2,000 under coverage "B."

Carmen Ríos took her Buick automobile to Fernández' garage or service station to be washed and lubricated. After the service was performed and while one of Fernández' employees was operating the vehicle, he caused it negligently to run into another vehicle as a result of which the Buick suffered damages.

Miss Ríos sued Fernández and Royal Indemnity Company before the District Court, San Juan Part, claiming $1,530 for damages resulting from such accident. Fernández and codefendant insurance company were summoned.

The insurance company answered in its own name denying the essential allegations of the complaint, among them, paragraph four in which it was alleged that the policy issued by it covered the damages claimed. It also wrote a letter to Fernández in which it said:

"We also wish to inform you that Carmen Díaz's claim for $1,530 against you and Royal Indemnity Company has been answered by Germán Rieckehoff on behalf of Royal Indemnity Company only for the reason that you are not covered in this case under the policy issued by our company.

"We therefore recommend that you take the steps necessary for the defense of your interests in these cases."

Fernández did not answer the complaint, his default was entered, and the court rendered judgment ordering defendants to pay to plaintiff the sum of $450, of which Fernández would be responsible for $350 and the other codefendant for $100 for depreciation of the damaged vehicle.

In this petition appellant Fernández contends that the trial court erred (1) in "concluding and holding that policy contract RMG-52443 did not cover the accident in question"; and (2) "in failing to conclude, as a matter of fact and of

law, that even if the accident were one of those excluded from the coverage the insurer was bound nonetheless to assume plaintiff's defense."

It is necessary to make clear that Royal Indemnity Company had issued another policy to Fernández under No. 277166 of those known as "Garage Keepers Legal Liability Policy." This policy covered damages to automobiles owned by third persons while they were in the insured's custody. In another action brought by U.S. Casualty Co. against Fernández, for the same accident, Royal Indemnity Company paid $404.20 for damages sustained by Miss Ríos' automobile pursuant to its obligation contracted under said policy No. 277166.

Irrespective of whether Fernández could relitigate in the action against Royal Indemnity Company the question that the damages sustained by Miss Ríos' automobile were not covered by policy RMG-52443, which was decided against him by final judgment rendered in the action prosecuted before the District Court and in which Fernández was a defendant, the fact is that the policy did not cover those damages.

■ According to subd. (f) of the exclusion clauses, the policy did not apply under coverage "B" to the damages or destruction of property in charge of the insured or transported by him. It is obvious that Miss Ríos' automobile, which was left in Fernández' garage or service station to be washed and lubricated, was in charge of insured Fernández and, therefore, the damages sustained by the automobile were excluded from the coverage. *Sánchez* v. *Soler, ante,* p. 409.

■ It is correct that the policy contains a clause which binds the insurer to defend the insured in actions against him for damages to or destruction of the property, and that this obligation subsists even though the action be groundless, false or fraudulent. Such clause is the basis of the second assignment of error. However, that clause is clear in the

sense that such obligation is assumed by the insurer respecting the insurance provided by the other terms of the policy under coverages A, B and C.[1]

■ However, in order to relieve the insurer from its duty to defend the insured, it is not sufficient that the damage claimed be excluded from the policy coverage. Although it is its duty to defend against those actions which come within the policy terms, such duty is measured, in the first instance, by the allegations in the plaintiff's pleadings, and if such pleadings state facts bringing the injury within the coverage of the policy, the insurer must defend irrespective of the insured's ultimate liability to plaintiff. 7A APPLEMAN, Insurance Law and Practice, § § 4682–83.

In the complaint filed in the District Court by Carmen Díaz against Fernández and Royal Indemnity Company it was alleged:

"On or about April 7, 1952, plaintiff left her Buick automobile, license plate No. 16-330, in the filling station of defendant José Fernández to be washed and lubricated." It was further alleged that an employee of defendant Fernández caused negligently the automobile to collide with a passenger bus, and that at the time of the accident defendant carried an insurance policy with defendant Royal Indemnity Co. covering damages of the nature claimed.

■ The facts stated in that complaint clearly excluded from the policy coverage the damages claimed because the property involved was in the insured's custody. *Farmers Cooperative Soc. No. 1* v. *Maryland Cas. Co.*, 135 S.W.2d 1033. A mere allegation that the damages claimed are

---

[1] That clause reads as follows:

"As to the insurance provided by the other terms of this policy under coverages A, B and D, the company shall: (a) assume the defense of any judicial action against the insured claiming such damages, illness or destruction and seeking compensation therefor, even if such action is unfounded, false or fraudulent; however, the company may investigate, negotiate or compromise any claim or complaint which it may deem advisable."

covered by the policy would not suffice to impose on the insurer the duty to defend if the facts alleged in the complaint establish otherwise. See APPLEMAN, *op. cit.* at 447; *Butler v. Maryland Cas. Co.*, 147 F. Supp. 391.

We have seen that Royal appeared in the action brought by Miss Ríos denying that the damages claimed were covered by the policy; that it gave notice thereof to the insured informing him that he was not covered by the policy, and recommending further that he take the necessary steps for the defense of his interests. In view of the insurance company's action, the insured took no action, permitted the entry of default and the rendition of judgment against him, together with the other procedural incidents appearing from the record.

In view of the facts and doctrines stated hereinabove, the Superior Court did not err in rendering judgment dismissing Fernández' complaint.

The judgment will be affirmed.